## (April 8, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUBERT R. QUIGLEY, Appellant.—Judgment, Supreme Court, New York County, rendered on June 20, 1974, unanimously affirmed. The case is remitted to the Criminal Term, Supreme Court, New York County, which shall direct defendant to surrender himself in order that execution of the judgment shall be commenced or resumed (CPL 460.50, subd 5). No opinion. Concur—Markewich, J. P., Murphy, Lupiano, Lane and Nunez, JJ.

### (Republished)

■ HOLT, RINEHART AND WINSTON, INC., Respondent, v BENJAMIN B. WOLMAN et al., Appellants.—Order, Supreme Court, New York County, entered December 17, 1974 granting plaintiff's motion for summary judgment in the amount of $55,000 plus interest, costs and disbursements and judgment entered thereon on December 19, 1974, unanimously reversed, on the law, the motion for summary judgment denied, and judgment vacated, with $60 costs and disbursements to appellants. The record presents issues of fact which preclude the granting of summary judgment. Some of those issues are as follows: Whether the use of the allegedly plagiarized materials consisting of approximately 22 to 35 pages in a manuscript totaling about 1,200 pages constituted a breach of the warranty of originality; whether use of such materials was proper—coming within the doctrine of "Fair Use"; whether the proper consents were obtained, thereby permitting use of the subject materials, and whether plaintiff's rejection of the manuscript was based upon its good faith determination that the materials were not satisfactory. Concur—Markewich, J. P., Murphy, Tilzer and Lane, JJ. [47 AD2d 872.]

## (April 10, 1975)

■ HAYDEN MANOR NURSING HOME et al., Respondents, v ABE LAVINE, as Commissioner of Social Services of the State of New York, et al., Appellants.—Order, Supreme Court, New York County, entered on or about January 9, 1975, unanimously affirmed, without costs and without disbursements. A motion for reargument or renewal may not be used to revive an action after final judgment and the dismissal of an appeal from that judgment. Concur—Stevens, P. J., Markewich, Kupferman, Lupiano and Capozzoli, JJ.